**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3446
_____

DANIEL J. HEFFLEY,
                              Appellant

v.

KIMBERLY STEELE, in her capacity as spouse and individual; MARK STEELE, in his capacity of an individual; JOCELYN STEELE, in her capacity of an individual; ELISABETH BENNINGTON, ESQ., in her capacity as a principal of Bennington Law Firm, LLC, and as an individual; DEBORAH WITCHEL, in her capacity as therapist, and as an individual; KATHERINE GIBSON, in her capacity as an agent of Isaly Counseling Services and as an individual; NEIL ROSENBLUM, PhD., in his capacity as a principal in Allegheny Forensic Associates and as an individual; JAMES BOZIGAR, in his capacity as therapist, and as an individual; ELISABETH MOLNAR, ESQ., in her capacity of counselor to plaintiff, principal in Raphael, Rumsden and Behers, PC and as an individual; STEPHANIE MUICK, ESQ., in her capacity as a court appointed counsel, principal of Cervone Law and as an individual; ARNOLD CAPLAN, ESQ., in his capacity as a court appointed GAL, principal in Caplan & Chester and as an individual; WILLIAM CLIFFORD, ESQ., in his capacity as a partner, Dickie, McCamey & Chilcote and as an individual
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:17-cv-01624)
Chief District Judge:  Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 14, 2020

Before:  JORDAN, BIBAS and PHIPPS, Circuit Judges
(Opinion filed September 17, 2020)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Daniel Heffley appeals after the District Court dismissed his lawsuit alleging violations of both federal and state law during his child custody proceedings. For the reasons detailed below, we will affirm.

In his initial complaint, Heffley brought claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), as well as state-law claims. He named 15 defendants, including a state-court judge, a deputy court administrator, and the Court of Common Pleas of Allegheny County. The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e), advised Heffley of several deficiencies, and dismissed the complaint without prejudice to Heffley's filing an amended complaint.[1] Heffley then filed his first amended complaint, bringing the same claims, and naming 12 of the original 15 defendants, excluding the state-court judge, deputy court administrator and state court. The 12 named defendants were Heffley's wife and her two parents, Heffley's wife's attorney, two attorneys who represented Heffley during the proceedings, Heffley's court-appointed guardian ad litem from the custody proceedings, an attorney appointed to

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court noted that it appeared that the state-court judge and the state court were protected from Heffley's claims by the doctrine of judicial immunity and sovereign immunity under the Eleventh Amendment.

2

represent Heffley's children during the custody proceedings, Heffley's children's court-appointed therapist, Heffley's children's court-appointed counselor, a "custody psychological evaluator" from the custody proceedings, and another court-appointed therapist. The District Court dismissed the amended complaint under § 1915(e)(2)(B)(ii). The § 1983 claims were dismissed with prejudice because none of the defendants were state actors, and the state-law claims were dismissed with prejudice for failing to state a claim. The ADA claims were dismissed with leave to file one more amended complaint. The District Court concluded that Heffley had adequately alleged a disability (serious complications arising from a stroke he suffered), but had failed to plead facts showing that any of the defendants owed him a duty under the ADA, or that they had allegedly violated any such duties.

In his second amended complaint, Heffley named the same 12 defendants as in his first amended complaint, reasserted his ADA claims, and also reasserted most of his constitutional and state-law claims, despite their with-prejudice dismissals.

Eight of the defendants filed motions to dismiss. The remaining four defendants never entered appearances through counsel, and the District Court issued a show cause order as to why those four defendants should not be dismissed for lack of service of process. Heffley filed a response to the show cause order.

The District Court granted the eight defendants' motions to dismiss, and dismissed the claims against the remaining four defendants sua sponte under §1915(e)(2)(B)(ii).

3

The claims against all 12 defendants were dismissed with prejudice.[2]  Throughout the litigation, Heffley filed three motions for appointment of "advisory counsel," all of which were denied.  After the District Court dismissed the case, Heffley timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's decision to grant a motion to dismiss.  See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).  We review dismissals pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) under the same de novo standard of review as with our review of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  Dismissal is appropriate if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  When considering motions to dismiss, we must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the non-movant.  See Foglia v. Renal Ventures Mgmt., LLC, 754 F.3d 153, 154 n.1 (3d Cir. 2014).

To begin, Heffley strenuously objects to the District Court's denial of his three motions for the appointment of advisory counsel.  Heffley argues that the District Court erred in construing these as motions seeking counsel to represent him when, in fact, he merely requested a private attorney or a member of the court staff to advise him as he litigated his case.  In his brief in this Court, Heffley makes clear that he did not want appointed counsel to actually represent him, given that several of the defendants are

---

[2] The District Court held that, in the alternative, the claims against the four defendants who never appeared could have been dismissed for failure to prosecute.

attorneys and, in his words, "attorneys are generally reluctant to sue one another and the Plaintiff didn't think it wise to ask the court to appoint one to do so." Heffley cites no mechanism through which the District Court could have appointed an attorney to serve as an advisor but not counsel in a civil case, and this Court in unaware of any such procedure.[3] In any event, the District Court did not abuse its discretion in construing Heffley's motions as requesting counsel and denying the motions after a careful consideration of the factors discussed in Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).

Moving on to the merits, the District Court did not err in dismissing Heffley's § 1983 claims. Neither Heffley's wife, her parents, or the various lawyers named as defendants, were state actors amenable to suit under § 1983. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.") (quoting Polk County v. Dodson, 454 U.S. 312, 318 (1981)). Furthermore, the other defendants, including a court-appointed counselor, court-appointed therapists, a court-appointed custody evaluator, and a court-appointed guardian ad litem, were immune from suit under doctrines of judicial immunity. See Hughes v. Long, 242 F.3d 121, 126-28 (3d Cir. 2001) (holding that custody evaluators in family court cases are entitled to judicial immunity; discussing the judicial immunity of court-appointed counselors and therapists); Gardner by Gardner v. Parson, 874 F.2d 131, 146

---

[3] We note that courts generally have no obligation to provide pro se litigants with legal advice. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 697-98 (3d Cir. 2013).

5

(3d Cir. 1989) (holding that a guardian ad litem is "absolutely immune in exercising functions . . . in which the guardian acts as an actual functionary or arm of the court.").

The District Court also did not err in dismissing Heffley's state-law claims for intentional infliction of emotional distress, alleged violations of various professional ethics codes, and for positions taken and testimony given by various defendants during the state-court proceedings. Under Pennsylvania law, a successful claim for intentional infliction of emotional distress requires a plaintiff to demonstrate that he suffered "some type of resulting physical harm due to the defendant's outrageous conduct." Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115, 1122-23 (Pa. Super. Ct. 2004) (citation omitted). Heffley made no allegation of physical harm, and thus these claims were properly dismissed. As to Heffley's allegations of shortcomings under various professional codes of conduct, "[t]he Rules of Professional Conduct do not carry the force of substantive law, nor do they broaden an attorney's duties in civil legal proceedings; instead, they are a basis upon which to sanction a lawyer through disciplinary proceedings." See In re Adoption of M.M.H., 981 A.2d 261, 273 (Pa. Super. Ct. 2009). With regard to testimony given and positions taken by the defendants during the custody proceedings, under Pennsylvania law, "it is well settled that private witnesses, as well as counsel, are absolutely immune from damages liability for testimony, albeit false, given or used in judicial proceedings." Pelagatti v. Cohen, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987) (citations omitted). Accordingly, the District Court did not err in concluding that Heffley failed to state a claim in this regard. All of Heffley's state-law claims were properly dismissed.

6

Finally, turning to the ADA claims, the District Court advised Heffley in its second order dismissing these claims with leave to amend that his second amended complaint needed to "be specific and particular as to any ADA claim against any particular Defendant, and must set out sufficient, specific facts to make a showing of the ADA-based obligation of that specific Defendant, and that particular Defendant's violation of a specific federal statutory duty under the ADA." In Heffley's second amended complaint, he again failed to identify the specific statutory ADA duties that the defendants allegedly violated, and how they did so. The District Court liberally construed Heffley's claims as being based on Title II of the ADA, which prohibits discrimination by a "public entity." See 42 U.S.C. § 12132; see also 42 U.S.C. § 12131 (defining "public entity" as: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any other commuter authority."). To establish a violation of Title II of the ADA, a plaintiff must demonstrate that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. See id. § 12132.

The District Court did not err in holding that Heffley failed to state a claim under Title II. Although he clearly alleged a disability, he failed to allege denial of benefits or exclusion from a public entity's services, programs, or activities by reason of his

7

disability, despite numerous opportunities to do so.[4]  For these reasons, Heffley failed to state an ADA claim.

Accordingly, we will affirm the judgment of the District Court.  The motion to supplement the appendix filed by Appellees Clifford, Gibson, Rosenblum, and Witchel is granted.

---

[4] Furthermore, even assuming, *arguendo*, that Heffley successfully alleged that the various defendants were public entities, other courts have held that, under Title II, public entities can be sued only in their official capacities for prospective relief, rather than in their individual capacities for damages.  See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc); cf. Koslow v. Pennsylvania, 302 F.3d 161, 178-179 (3d Cir. 2002) (reaching the same conclusion with regard to claims under Title I of the ADA).  Here, all of Heffley's claims sought damages against the defendants individually. To the extent that any of Heffley's claims could be construed as seeking prospective relief from any defendant in the defendant's official capacity, his allegations failed to establish that any defendant still held the position in question, given that each defendant was court-appointed for the limited purpose of the custody proceedings, which have concluded.